[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11844
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00014-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL TIRRELL OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 3, 2011)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Noel Tirrell Owens appeals his convictions and sentence of 420 months of

imprisonment for conspiring to possess and possessing with intent to distribute marijuana within 1000 feet of a school, 21 U.S.C. §§ 841(a)(1), 846, 860, possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking offense, id. § 924(c)(1). Owens argues that the evidence is insufficient to support his convictions and his sentence is unreasonable. We affirm.

Owens argues that his convictions are unsustainable because they are based primarily on evidence provided by witness Paul Manning, whose testimony was allegedly too incredible to be believed by a rational juror, but we disagree. To be "incredible as a matter of law," testimony "'must be unbelievable on its face' and must relate to 'facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature.'" United States v. Steele, 178 F.3d 1230, 1236 (11th Cir. 1999) (quoting United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997)). Manning's testimony about aiding Owens in distributing marijuana and possessing guns to protect the drugs and drug proceeds is not implausible. Manning testified that he packaged and sold marijuana provided by Owens; Owens determined the price and procedure used to sell the marijuana through the back door of his residence; Owens monitored the drug sales; and Owens kept guns to protect the drugs and drug proceeds.

Manning's testimony is consistent with the parties' stipulations, Owens's records, and the testimonies of investigating officers and one of Owens's relatives that Owens rented the house and distributed marijuana from its kitchen. Owens argues that Manning's admissions about suffering from multiple mental illnesses and abusing alcohol and illegal drugs established that Manning was incapable of "perceiv[ing] reality as to whether Owens was a knowing participant," but Owens presented this theory to the jury, and the jury rejected it. See Steele, 178 F.3d at 1236. The district court did not err by denying Owens's motion for a judgment of acquittal.

Owens also argues that the district court "unjustifiably relied on" his "criminal history" to "impose[] a substantively unreasonable sentence," but again we disagree. The district court considered the sentencing factors, 18 U.S.C. § 3553, and "tailored the sentence to take into account the facts and circumstances surrounding this particular case." Based on Owens's offenses and his lengthy criminal history, which included six prior convictions for possessing and distributing illegal drugs, the district court reasonably concluded that a sentence of 420 months of imprisonment at the low end of the guideline range was "necessary to punish [Owens] for [his] criminal conduct and [to] serve[] as an adequate deterrent to others." Owens's sentence is reasonable.

3

We **AFFIRM** Owens's convictions and sentence.